**Zell DAVIS, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–75–277.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1975.

David W. Phillips, Lawrence, A. Martin, II, Legal Intern, Sand Springs, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Harold T. Garvin, Legal Intern, for appellee.

OPINION

BUSSEY, Judge.

Appellant, Zell Davis, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. TR–74–9225, for the of-

fense of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at a term of thirty (30) days in the County jail and a fine in the amount of Two Hundred and Fifty ($250.00) Dollars, and the cost of the action. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Wilburn Ginn, Jr., testified he was employed as a patrol officer for the Sand Springs, Oklahoma, Police Department. On November 9, 1974, at approximately 7:42 p. m., while on routine patrol, he observed the defendant stopped for a stop light at Second and Main Streets. When the defendant made a right hand turn, the right rear wheel of his car went left of the center line. Officer Ginn then turned his red light on and stopped the defendant. As Officer Ginn approached the defendant, he detected a strong odor of an alcoholic beverage, he observed the defendant stumble on getting out of his car, and he observed the defendant stagger as he walked the defendant back to the patrol car. The defendant was then transported to the police station where his rights were given to him. Thereafter, Officer Ginn administered the breathalyzer test to the defendant. The results of the test, 0.20% weight/volume blood/alcohol concentration, were then admitted into evidence.

Lester Campbell testified he was an auxiliary Police Officer for the City of Sand Springs. On November 9, 1974, he was on patrol with Officer Ginn. He observed the defendant's automobile stop at a stop light and then turn right. The defendant's automobile hit the curb during the right turn and then crossed the center line by half the width of his car. Defendant was stopped, and Officer Campbell, standing to the back of defendant's car, observed the defendant to be unsteady on his feet. Officer Ginn then turned custody of the defendant to Campbell who placed him in the right front seat of the patrol car. There-

after, defendant was transported to the police station.

Lloyd E. Wheeler, Sand Springs Police Officer, testified in an in camera hearing as to the periodic maintenance he performed on the Sand Springs breathalyzer machine. His testimony was stipulated to by the defendant for the purpose of the trial.

The defendant did not take the stand, nor offer any evidence in his behalf.

■ Defendant's first assignment of error asserts that the trial court erred in admitting the results of the breathalyzer test for the reason that the State failed to prove by the best evidence that Officer Ginn had a valid permit at the time of administering the breathalyzer test. The defendant's argument is based on the fact that the State did not introduce Officer Ginn's breathalyzer operator's permit which he possessed on the day he administered the test to the defendant. At pages 59 and 60 of the trial transcript the following testimony of Officer Ginn is found:

"Q. Okay. Now, did you have a valid permit to operate the breathalyzer at the time the defendant on November the 9th, 1974—that the defendant Zell Davis was arrested?

"A. Yes, sir, I did.

"MR. PHILLIPS: I'm going to object to that.

"THE COURT: Overruled.

"MR. PHILLIPS: Note my exception.

"Q. (By Mr. Boggs) Okay. And since you had your permit, approximately how many breath tests have you given?

"A. Over a hundred.

"Q. Well, officer, do you have a close figure, approximately? I—

"A. In the years I would state two to three hundred.

"Q. All right. So at the time you gave the defendant the test, you did have a valid permit from the Chemical Test Board.

"A. Yes, sir, I did.

"Q. All right. Okay. What is your permit number or what was your permit number? Do you keep the same one?

"A. You keep the same one. It's 1006.

"Q. I think you've answered this before. But does it tell you exactly the type of machines you're allowed to operate?

"A. It states the 'breathalyzer,' the one that is recognized.

"Q. Okay. And which one is that? What model is that?

"A. It's the Stephens Model 900 or 900A.

"Q. Okay. And what type of breathalyzer does the Sand Springs Police Department have?

"A. The Model 900A."

It therefore appears that Officer Ginn testified under oath that he possessed a valid permit to operate the breathalyzer machine on the day he administered the defendant the test.

It is our opinion that the trial court had sufficient proof that Officer Ginn possessed a valid permit and was qualified to operate the breathalyzer machine on the day in question. We therefore find this assignment of error to be completely without merit.

▉ Defendant's final assignment of error asserts the trial court erred in submitting Instruction #4 to the jury. Instruction #4 reads as follows:

"You are further instructed that the law of the State of Oklahoma provides that if the results of a breathalyzer test show the existence of ten hundredths ($^{10}/_{100}$) of one percent (1%) or more by weight of alcohol in the blood of the accused, that same is sufficient evidence to establish the fact of being under the influence of an intoxicating liquor; *and where said test results are neither rebutted nor contradicted the results will remain suf-*

*ficient to establish the fact of being under the influence of intoxicating liquor.*
"The presumption of innocence continues to adhere to the accused until every material allegation of the offense is proven beyond a reasonable doubt." (Emphasis ours)

Title 47 O.S.1973 Supp., § 756(c) states:

"(c) evidence that there was ten-hundredths ($^{10}/_{100}$) of one percent (1%) or more by weight of alcohol in his blood shall be admitted as *prima facie* evidence that the person was under the influence of alcohol or intoxicating liquor;" (Emphasis ours)

Black's Law Dictionary, Revised Fourth Edition, defines prima facie evidence as follows:

"Evidence good and sufficient on its face; such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which if not rebutted or contradicted, will remain sufficient."

And, Webster's Third International Dictionary, Unabridged, defines prima facie evidence as being:

"evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted."

It therefore appears that in Instruction #4 the trial court simply defined the term prima facie evidence for the jury. We therefore find that Instruction #4 correctly states the law in this State and, further, we find no error in submitting same to the jury.

Finding no error sufficient to warrant modification or reversal, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, *affirmed.*

BRETT, P. J., concurs in results.

BLISS, J., concurs.